UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JEAN DROTLEFF,

    *Plaintiff-Appellant,*

v.

MICHELIN NORTH AMERICA,
INCORPORATED,

    *Defendant-Appellee.*

No. 02-1452

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Terry L. Wooten, District Judge.
(CA-01-2496-6-25AK)

Submitted: September 18, 2002

Decided: October 16, 2002

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas B. Smith, SMITH LAW FIRM, P.A., Easley, South Carolina,
for Appellant. Andreas N. Satterfield, Jr., Ellison F. McCoy, HAYN-
SWORTH, BALDWIN, JOHNSON & GREAVES, L.L.C., Green-
ville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jean Drotleff appeals the district court's order adopting the report and recommendation of the magistrate judge and granting summary judgment in favor of her employer, Michelin North America, Inc., on her retaliation claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002). We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To establish a Title VII retaliation claim, Drotleff must show: (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal connection between the first two elements. *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996). If Drotleff establishes a prima facie case, the burden shifts to Michelin to produce evidence of a legitimate, non-discriminatory reason for the adverse action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If Michelin meets this burden, Drotleff must show the employer's proffered reason was a pretext for illegal discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000).

We have reviewed the parties' briefs, the joint appendix, the magistrate judge's report and recommendation, and the district court's order. The district court properly concluded Drotleff failed to estab-

lish a prima facie case of retaliation under Title VII because she failed to produce evidence that she suffered from an employment action that adversely effected the terms, conditions, or benefits of her employment. *See Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001). Furthermore, even if we conclude Drotleff established a prima facie case of retaliation, Drotleff has not shown Michelin's reasons for its various employment decisions were a pretext for illegal retaliation. Accordingly, we affirm on the reasoning of the district court. *See Drotleff v. Michelin N. Am., Inc.*, No. CA-01-2496-6-25AK (D.S.C. Apr. 1, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*